## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| PAUL BERRY III, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 4:22-CV-00465-JAR |
| JOHN R. ASHCROFT, in his capacity as Missouri Secretary of State, and STATE OF MISSOURI, | ) ) ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Paul Berry III's Verified Motion for Temporary Restraining Order ("TRO") (Doc. 2) and Motion to Convene Three Judge Court. (Doc. 13). The Court held an in-person hearing on these motions on May 9, 2022.

**I.   BACKGROUND**

Plaintiff Paul Berry III has declared himself a candidate for the Republican primary in Missouri's 2nd Congressional District. (Doc. 1 at ¶ 17). As of the date of this Memorandum and Order, the Missouri legislature has not adopted a new congressional districting map based on the results of the 2020 United States Census. The legislative session ends on May 13, 2022. MO. CONST. art. III, § 20(a). Plaintiff brings this suit against Missouri Secretary of State John R. Ashcroft and the State of Missouri alleging violations of the United States Constitution, Missouri Constitution, and certain state statutes based on the legislature's failure to adopt a map consistent with the 2020 Census.

On April 22, 2022, Plaintiff filed a Verified Motion for Temporary Restraining Order. (Doc. 2). Plaintiff appears to seek a declaration that Missouri cannot use the 2012 congressional

district map (the "2012 Map"), which is based on the 2010 United States Census, for purposes of the 2022 elections (among other requests for relief). (*Id.* at 34). Plaintiff has also requested empanelment of a three-judge court pursuant to 28 U.S.C. § 2284. (Doc. 13). Defendants filed their response to Plaintiff's motions on May 3, 2022 (Doc. 16), and Plaintiff filed a reply on May 7, 2022. (Doc. 21). This Court held an in-person hearing on these motions on May 9, 2022 at 2:00 P.M. (Docs. 10, 15).[1]

## II. ANALYSIS

<u>Verified Motion for Temporary Restraining Order</u> (Doc. 2)

Plaintiff appears to seek a declaration by this Court that Missouri cannot use the 2012 Map for purposes of the 2022 elections or take other actions which would allegedly violate the United States Constitution, Missouri Constitution, and certain state statutes.[2] Plaintiff has requested empanelment of a three-judge court pursuant to 28 U.S.C. § 2284. Per § 2284(b)(3), this Court "may grant a temporary restraining order on a specific finding, based on evidence submitted, that specified irreparable damage will result if the order is not granted." Fed. R. Civ. P. 65(e)(3) specifically provides that Fed. R. Civ. P. 65 does not modify 28 U.S.C. § 2284.

In addition to the explicit requirement of specified irreparable damage under 28 U.S.C. § 2284(b)(3), this Court considers "(1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest."

---

[1] On May 6, 2022, Joseph Pereles, Matthew Bax, Ike Graham, Robert Saunders, and Rachel Howard filed a Motion to Intervene as Plaintiffs. (Doc. 19). The Court heard some arguments on this motion at the May 9, 2022 hearing and proceeded to set an expedited briefing schedule. (Doc. 24).

[2] Plaintiff's motion does not make clear the precise scope of the TRO requested. *See* Fed. R. Civ. P. 65(d)(1) (stating that every restraining order must "describe in reasonable detail . . . the act or acts restrained or required."). While the Court focuses on potential use of the 2012 Map for the 2022 elections, the Court agrees with Defendants that Plaintiff's other claims are equally speculative and fail to establish a specified irreparable harm. (Doc. 16 at 5-6).

*Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981). Though *Dataphase* technically establishes standards for ruling on a motion for preliminary injunction, courts in this district have consistently applied the same factors to motions for temporary restraining orders. *See, e.g.*, *White v. Bauman*, No. 1:21-CV-37-NCC, 2021 WL 1145106, at *2 (E.D. Mo. Mar. 25, 2021); *see also S.B. McLaughlin & Co., Ltd. v. Tudor Oaks Condo. Project*, 877 F.2d 707, 708 (8th Cir. 1989) (affirming district court's application of *Dataphase* factors to motion for temporary restraining order). The party requesting injunctive relief bears the "complete burden" of proving that an injunction should be granted. *Gelco Corp. v. Coniston Partners*, 811 F.2d 414, 418 (8th Cir. 1987).

The Court will deny Plaintiff's motion because he has not established "that specified irreparable damage will result if the order is not granted." 28 U.S.C. § 2284(b)(3); *see also Powell v. Noble*, 798 F.3d 690, 702 (8th Cir. 2015) (citation omitted) ("To succeed in demonstrating a threat of irreparable harm, a party must show that the harm is certain and great and of such imminence that there is a clear and present need for equitable relief."). The Supreme Court has emphasized in the preliminary injunction context that relief "based only on a possibility of irreparable harm is inconsistent with [its] characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 22 (2008) (citation omitted).

Plaintiff suggests "it is in the public interest for this Court to immediately declare the law necessary for the Missouri General Assembly to enact a legal 2022 Missouri congressional map," and such a declaration will put "the entire population of Missouri on notice of the initial consideration by the Court." (Doc. 2 at 31, 33). But the last day of the Missouri legislative session is not until May 13, 2022. *See* MO. CONST. art. III, § 20(a). Defendants reasonably argue

that Plaintiff "seeks a TRO before [May 13, 2022] for the explicit purpose of trying to spur the General Assembly into action." (Doc. 16 at 3). In these circumstances, the Court cannot issue an advisory declaration based upon the possibility that Missouri attempts to use the 2012 Maps in the 2022 elections or takes some other hypothetical action such as changing the primary date. *See KCCP Tr. v. City of North Kansas City*, 432 F.3d 897, 899 (8th Cir. 2005) (citation omitted) ("One kind of advisory opinion is an opinion advising what the law would be upon a hypothetical state of facts.").

Plaintiff comes closest to alleging irreparable harm when he states that the lack of a new map has frustrated his campaign efforts. (Doc. 2 at 28). But granting Plaintiff's requested relief – which exclusively consists of declarations of law by the Court – would not provide Plaintiff any immediate clarity regarding the scope of his district. Plaintiff's motion for TRO does not request that the Court draw an interim map. (*Id.* at 33). The Court appreciates the urgent nature of Plaintiff's claims as we approach various deadlines relating to the 2022 elections. The Court cannot say at this juncture, however, that the alleged harm is "certain and great and of such imminence that there is a clear and present need for equitable relief." *Roudachevski v. All-Am. Care Ctrs., Inc.*, 648 F.3d 701, 706 (8th Cir. 2011) (citation omitted).

In considering the balance of equities and public interest, moreover, this Court is particularly cognizant that "reapportionment is primarily the duty and responsibility of the State through its legislature or other body, rather than of a federal court." *Growe v. Emison*, 507 U.S. 25, 34 (1993) (quoting *Chapman v. Meier*, 420 U.S. 1, 27 (1975)). Accordingly, "[a]bsent evidence that these state branches will fail *timely* to perform that duty, a federal court must neither affirmatively obstruct state reapportionment nor permit federal litigation to be used to impede it." *Branch v. Smith*, 538 U.S. 254, 261-62 (2003) (quoting *id.*) (emphasis in original).

While federal courts hold "an important role . . . when a district plan violates the Constitution," it is ultimately an "unwelcome obligation." *League of United Latin Am. Citizens v. Perry*, 548 U.S. 399, 415 (2006) (citation omitted). Granting a TRO before the Missouri legislature has completed its session needlessly injects this Court into the state's active deliberations on a significant political issue. *See id.* at 416 ("[D]rawing lines for congressional districts is one of the most significant acts a State can perform to ensure citizen participation in republican self-governance.").

Plaintiff has failed to satisfy the requirement under 28 U.S.C. § 2284(b)(3) that he will suffer "specified irreparable damage" if the TRO is not entered. The balance of equities and public interest, moreover, strongly favor this Court affording Missouri's legislative and judicial bodies every opportunity to legally apportion the congressional districts based on the 2020 Census. Plaintiff's reply primarily focuses on his likelihood of success on the merits. (Doc. 21 at 1-8). The Court does not believe it is necessary or appropriate to delve further into Plaintiff's likelihood of success on the merits at this point in these unique circumstances. Accordingly, the Court will deny Plaintiff's Verified Motion for Temporary Restraining Order without prejudice to Plaintiff's refiling at a later date. (Doc. 2).

Motion to Convene Three Judge Court (Doc. 13)

28 U.S.C. § 2284(a) provides that a district court of three judges "shall be convened . . . when an action is filed challenging the constitutionality of the apportionment of congressional districts." Unless this Court determines three judges are not required, it must "immediately notify" the Chief Judge of the Eighth Circuit Court of Appeals. 28 U.S.C. § 2284(b)(1). The Supreme Court has held that § 2284(a) "admits of no exception" and "normally creates an obligation impervious to judicial discretion." *Shapiro v. McManus*, 577 U.S. 39, 43 (2015)

(citations omitted). Plaintiff's Complaint plainly qualifies as a constitutional challenge to the apportionment of Missouri's congressional districts. (Doc. 1 at ¶¶ 30-38). Defendants "do[] not dispute that three judges are required here" and "concede[] that the Court should follow" the statutory procedure outlined in 28 U.S.C. § 2284(b). (Doc. 16 at 12). At the May 9, 2022 hearing, Defendants affirmed their consent to Plaintiff's request for a three-judge court. Consistent with the requirements of 28 U.S.C. § 2284, the Court will immediately notify the Chief Judge of the Eighth Circuit Court of Appeals of Plaintiff's request to convene a three-judge court upon.[3]

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Verified Motion for Temporary Restraining Order (Doc. 2) is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Convene Three Judge Court (Doc. 13) is **GRANTED**, and the Court will therefore immediately notify the Chief Judge of the Eighth Circuit Court of Appeals of Plaintiff's request pursuant to 28 U.S.C. § 2284(b)(1).

**IT IS FINALLY ORDERED** that Plaintiff's Motion to Adjudicate Plaintiff's Motion to Convene Three-Judge Court Upon Pleadings (Doc. 18) is **DENIED as moot**.

Dated this 9th day of May, 2022.

                                           _John A. Ross_
                                           JOHN A. ROSS
                                           UNITED STATES DISTRICT JUDGE

---

[3] Also pending before the Court is Plaintiff's First Amended Motion to Shorten Time and Expedited Setting. (Doc. 17). While recognizing the urgent nature of certain issues raised in Plaintiff's motion, the Court will defer ruling on this issue until after it provides the notice required by 28 U.S.C. § 2284. The three-judge court is fully capable of establishing an appropriate schedule for further proceedings.