UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| PAUL BERRY III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:22-CV-00465-JAR |
| | ) | |
| JOHN R. ASHCROFT, in his capacity as | ) | |
| Missouri Secretary of State, and | ) | |
| STATE OF MISSOURI, | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM AND ORDER

This matter is before the Court on Joseph Pereles, Matthew Bax, Ike Graham, Robert Saunders, and Rachel Howard's (collectively, the "First Proposed Intervenors") Motion to Intervene as Plaintiffs (Doc. 19) as well as Patricia Thomas, Derrick Good, and Curtis Jared's (collectively, the "Second Proposed Intervenors," and together with the First Proposed Intervenors, the "Proposed Intervenors") Motion to Intervene as Plaintiffs. (Doc. 26). For the reasons discussed below, both motions will be granted.

### I. BACKGROUND

On May 12, 2022, the Missouri legislature adopted a new congressional district map based on the results of the 2020 United States Census. Governor Parson has not yet taken action on the proposed map. Plaintiff Paul Berry III is a resident of Missouri's 2nd Congressional District and has declared himself a candidate for the Republican primary. On April 22, 2022, Plaintiff filed a pro se "Complaint for Declaratory and Injunctive Relief" challenging the apportionment of Missouri's congressional districts. (Doc. 1). Plaintiff also filed a Verified Motion for Temporary Restraining Order ("TRO") (Doc. 2) and Motion to Convene Three Judge

Court pursuant to 28 U.S.C. § 2284. (Doc. 13). After holding a hearing on May 9, 2022 (Doc. 23), the Court denied without prejudice Plaintiff's motion for a TRO but, with consent of Defendants, granted his request to convene a three-judge court. (Doc. 25). Consistent with the requirements of 28 U.S.C. § 2284, the Court has since notified the Chief Judge of the Eighth Circuit Court of Appeals of Plaintiff's request for a three-judge court.

On May 6, 2022, the First Proposed Intervenors filed a Motion to Intervene as Plaintiffs. (Doc. 19). Per their Proposed Complaint for Declaratory and Injunctive Relief, the First Proposed Intervenors are registered voters in Missouri's 2nd, 4th, 5th, 6th, and 7th Congressional Districts. (Doc. 19-1 at ¶ 9). The First Proposed Intervenors have already filed a lawsuit in the Circuit Court of Cole County alleging that Missouri's congressional districts are malapportioned and requesting a court-drawn remedial plan. (*Id.* at ¶ 48). They contend that they are entitled to intervene in this case as of right pursuant to Fed. R. Civ. P. 24(a)(2) or, alternatively, permissively intervene pursuant to Fed. R. Civ. P. 24(b). This Court ordered Plaintiff and Defendants to file any response to the First Proposed Intervenors' motion by May 11, 2022. (Doc. 24).

On May 10, 2022, the Second Proposed Intervenors filed a Motion to Intervene as Plaintiffs. (Doc. 26). The Second Proposed Intervenors also have an active, related lawsuit in the Circuit Court of Cole County (Doc. 26 at ¶ 2), and their motion to intervene is virtually identical to that filed by the First Proposed Intervenors. The Second Proposed Intervenors include residents of Missouri's 3rd and 7th Congressional Districts. (Doc. 26-1 at ¶¶ 1-3). Defendants have indicated that they "do not oppose" either motion to intervene. (Doc. 34). Plaintiff expressed his opposition to the First Proposed Intervenors' motion at the May 9, 2022 hearing but did not file any written response before the deadline set by the Court. (Doc. 24).

Though a three-judge court has been requested (Doc. 25), a single judge may still "enter all orders permitted by the rules of civil procedure" except as otherwise provided in 28 U.S.C. § 2284(b)(3). *See Dean v. Leake*, No. 2:07-CV-00051-FL-AD-RC, 2008 WL 11429572 (E.D.N.C. Jan. 4, 2008) (single judge ruling on motion to intervene in suit subject to three-judge court per 28 U.S.C. § 2284). Accordingly, this Court has authority to rule on the pending motions to intervene. The Court also recognizes that the Missouri legislature approved a new map after the parties completed briefing on the motions. This event may change the nature and course of this action. But the proposed map is still pending Governor Parson's signature, and the applicable factors strongly favor promptly granting the Proposed Intervenors' motions for intervention both as of right and permissively.

**II.   ANALYSIS**

Under Fed. R. Civ. P. 24(a)(2), this Court "must permit anyone to intervene who: (1) files a timely motion to intervene; (2) claims an interest relating to the property or transaction that is the subject of the action; (3) is situated so that disposing of the action may, as a practical matter, impair or impede the movant's ability to protect that interest; and (4) is not adequately represented by the existing parties." *Swinton v. SquareTrade, Inc.*, 960 F.3d 1001, 1003 (8th Cir. 2020) (internal quotations omitted). The Eighth Circuit has held that a party seeking to intervene must also establish standing. *United States v. Metro. St. Louis Sewer Dist.*, 569 F.3d 829, 833 (8th Cir. 2009) (citation omitted). Rule 24 "should be construed liberally, with all doubts resolved in favor of the intervenor." *Nat'l Parks Conservation Ass'n v. U.S. Env't. Prot. Agency*, 759 F.3d 969, 974 (8th Cir. 2014) (internal quotations omitted).

The motions to intervene – both filed less than three weeks after the case began and before any discovery or responsive pleadings – are clearly timely and do not risk prejudice to any

party. *See Am. C.L. Union of Minn. v. Tarek ibn Ziyad Acad.*, 643 F.3d 1088, 1094 (8th Cir. 2011) (discussing timeliness factors); *see also Mo. Coal. for Env't Found. v. Wheeler*, No. 2:19-CV-4215-NKL, 2020 WL 2331201, at *3 (W.D. Mo. May 11, 2020) ("The motion [to intervene] was timely, as it was filed within weeks after litigation began."). At the May 9, 2022 hearing, Plaintiff suggested intervention would prejudice him because the First Proposed Intervenors may not share his views on certain issues in this case. But differing views on litigation strategy does not amount to prejudice.

As registered voters in Missouri, moreover, the Proposed Intervenors undoubtedly have standing to pursue this case and an interest in the subject matter. The Proposed Intervenors have a personal and concrete interest in ensuring that they do not suffer voting disadvantages based on a constitutionally malapportioned map. *See Gill v. Whitford*, 138 S. Ct. 1916, 1929 (2018) (citation omitted) (recognizing right to vote is "individual and personal in nature," and voters have standing to seek remedy for voting disadvantages); *Baker v. Carr*, 369 U.S. 186, 208 (1962) (citation omitted) (voters challenging apportionment asserted "plain, direct and adequate interest in maintaining the effectiveness of their votes"). The Proposed Intervenors' interest as voters in the constitutional apportionment of Missouri's congressional districts establishes their "sufficient stake in the litigation." *United States v. Union Elec. Co.*, 64 F.3d 1152, 1161 (8th Cir. 1995) (citation omitted).

Disposition of this action may also, as a practical matter, impair the Proposed Intervenors' ability to protect their interests. *See N.D. ex rel. Stenehjem v. United States*, 787 F.3d 918, 921 (8th Cir. 2015). The Proposed Intervenors are litigants in parallel state court suits concerning essentially the same issues. The Proposed Intervenors express concern that "any efforts by a federal court to adopt and implement a remedial plan" before the state has had an

opportunity to do so would "directly impair" their parallel actions. (Doc. 20 at 7; Doc. 27 at 8). Considering the urgent nature of the issues raised in this case, potentially overlapping roles of state and federal courts, and status of the Proposed Intervenors as registered voters in various congressional districts, the Court easily finds that disposition of this action may impair the Proposed Intervenors' interests.

Finally, the Proposed Intervenors' interests are "sufficiently disparate" from Plaintiff's to warrant intervention. *S.E.C. v. Flight Transp. Corp.*, 699 F.2d 943, 948 (8th Cir. 1983) (citation omitted). This element only requires a "minimal showing that representation may be inadequate." *Kans. Pub. Emps. Ret. Sys. v. Reimer & Koger Assocs., Inc.*, 60 F.3d 1304, 1308 (8th Cir. 1995) (citation omitted). The Court finds that Plaintiff's representation of the Proposed Intervenors may be inadequate for multiple reasons.

First, Plaintiff and the Proposed Intervenors initially chose different forums to address this highly political issue. (Doc. 20 at 8; Doc. 27 at 7). *See Hunter v. Bostelman*, No. 21-CV-512-JDP-AJS-EEC, 2021 WL 4206654, at *1 (W.D. Wis. Sept. 16, 2021) (permitting intervention by state court plaintiffs in federal action regarding redistricting impasse). At the TRO hearing, Plaintiff highlighted that the First Proposed Intervenors were seeking relief from the state courts.[1] The Proposed Intervenors seek to "advise the Court on the solicitude owed to ongoing state redistricting proceedings." (Doc. 20 at 3; Doc. 27 at 3). Conflicting forum preferences may impair Plaintiff's ability to adequately represent the Proposed Intervenors' interests.

Second, and more critically, the Proposed Intervenors are voters from various congressional districts while Plaintiff is a candidate residing in the 2nd Congressional District. Plaintiff has unique interests as a candidate for congressional office, and voters from different

---

[1] At the May 9, 2022 hearing, Plaintiff expressed that he had not been formally served the First Proposed Intervenors' motion. It was apparent to the Court, however, that Plaintiff had actual notice of the motion.

- 5 -

districts may have competing interests in this litigation. Finally, the Court agrees with the Proposed Intervenors that Plaintiff's pro se status undermines his ability to adequately represent them. *See TIG Specialty Ins. Co. v. Fin. Web.com, Inc.*, 208 F.R.D. 336, 339 (M.D. Fla. 2002) (granting intervention as of right in part because existing party appeared pro se); *see also Stewart v. Equifax, Inc.*, No. 4:17-CV-2433 RLW, 2017 WL 11071929, at *1 (E.D. Mo. Nov. 27, 2017) (finding pro se litigant could not adequately represent a class).

Alternatively, even if the Court did not find that the Proposed Intervenors could intervene as of right per Fed. R. Civ. P. 24(a)(2), it would allow permissive intervention under Fed. R. Civ. P. 24(b). The decision whether to allow permissive intervention rests in this Court's discretion. *S.D. ex rel. Barnett v. U.S. Dep't of Interior*, 317 F.3d 783, 787 (8th Cir. 2003). A party may permissibly intervene when they have "a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B); *see also Standard Heating and Air Conditioning Co. v. City of Minneapolis*, 137 F.3d 567, 573 (8th Cir. 1998).

For the same reasons discussed above, the Proposed Intervenors' motions are timely and will not cause undue delay or prejudice to the original parties. *See* Fed. R. Civ. P. 24(b)(3). The Court further finds that the Proposed Intervenors' claims raise common questions of law and fact. Both Plaintiff and the Proposed Intervenors bring challenges pertaining to the congressional district map Missouri will use in the 2022 elections. At least one court in the Eighth Circuit has recognized that it is "normal practice in reapportionment controversies to allow intervention of voters, party officials and the like, supporting a position that could theoretically be adequately represented by public officials." *Nash v. Blunt*, 140 F.R.D. 400, 402 (W.D. Mo. 1992) (citations omitted); *see also Clark v. Putnam Cty.*, 168 F.3d 458, 461 n.3 (11th Cir. 1999).

Accordingly,

**IT IS HEREBY ORDERED** that the First Proposed Intervenors' Motion to Intervene as Plaintiffs (Doc. 19) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Second Proposed Intervenors' Motion to Intervene as Plaintiffs (Doc. 26) is **GRANTED**.

Dated this 16th day of May, 2022.

                                                JOHN A. ROSS
                                                UNITED STATES DISTRICT JUDGE