**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**

| | |
|---|---|
| PAUL BERRY III, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 4:22-cv-00465-JAR |
| v. | ) |
| | ) |
| JOHN R. ASHCROFT, et al., | ) |
| | ) |
| Defendants. | ) |

### DEFENDANTS' MOTION TO DISMISS ALL COMPLAINTS AS MOOT UNDER RULE 12(b)(1)

Defendants Secretary Ashcroft and the State of Missouri, by and through their undersigned counsel, respectfully request that the Court dismiss Plaintiff Berry's Complaint, Doc. 1, the *Pereles* Plaintiffs-Intervenors' Complaint, Doc. 19-1, and the *Thomas* Plaintiffs-Intervenors' Complaint, Doc. 26-1, without prejudice because the Missouri General Assembly has passed a numerically equal map and Governor Parson is expected to sign it on Wednesday, May 18, 2022.  All three complaints allege that it would be unconstitutional to use the congressional map enacted in 2011 for any future election, Docs. 1, 19-1 at ¶ 1, 26-1 at 1, and when the Governor signs the bill as expected tomorrow, those complaints will be challenging a map that is no longer in effect.

Because the case is moot as of Wednesday, May 18, 2022, Defendants request that the case be dismissed as moot, which will also dispose of the request for a three-judge panel and Berry's Motion to Reconsider the Verified Motion for Temporary Restraining Order, Doc. 39, and any other pending matters.

### LEGAL STANDARD

Article III of the Constitution only grants federal courts the power to hear "Cases" or "Controversies." *Teague v. Cooper*, 720 F.3d 973, 976 (8th Cir. 2013). "A case becomes moot— and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—when the issues

1

presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* "When a law has been amended or repealed, actions seeking declaratory or injunctive relief for earlier versions are generally moot unless the problems are capable of repetition yet evading review." *Libertarian Party of Arkansas v. Martin*, 876 F.3d 948, 951 (8th Cir. 2017) (quoting *Phelps–Roper v. City of Manchester*, 697 F.3d 678, 687 (8th Cir. 2012) (en banc)).

This is because "when changed circumstances have already provided the requested relief and eliminated the need for court action," there is nothing for the court to do. *Id.* Basically, "[s]tatutory changes generally render a case moot, despite the legislature's power to reenact the challenged provision." *Moore v. Thurston*, 928 F.3d 753, 757 (8th Cir. 2019) (cleaned up); *see also Teague*, 720 F.3d at 976. Once a law is defunct, litigation challenging the law is moot, unless the new statute "disadvantages the plaintiff in the same fundamental way the old statute did." *SD Voice v. Noem*, 987 F.3d 1186, 1189 (8th Cir. 2021) (brackets omitted).

"Questions of mootness are matters of subject-matter jurisdiction." *Davis v. Anthony, Inc.*, 886 F.3d 674, 677 (8th Cir. 2018). "[C]ourts have 'wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)." *Id.* Even if evaluated under a Rule 12(b)(6) standard, a court may "consider matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned; without converting the motion into one for summary judgment." *Zean v. Fairview Health Servs.*, 858 F.3d 520, 526 (8th Cir. 2017). A federal court can take judicial notice of the acts of a state legislature's redistricting efforts. *Whitcomb v. Chavis*, 403 U.S. 124, 139 (1971).

## ARGUMENT

All complaints challenge the constitutionality of a Missouri congressional district map that will cease to exist when Governor Parson signs HB 2117, as he is expected to do imminently. In short, the events of last week have overtaken the allegations in the complaints, and upon enactment, the action will become moot. *Moore*, 928 F.3d at 757 ("The recent amendment addresses the current—and soon obsolete—statute's [alleged] infirmity, granting the relief Moore sought.").

On Tuesday, May 10, 2022, the Missouri House of Representatives passed a map with an emergency clause. Sarah Kellogg, *Missouri House passes new version of congressional redistricting map*, St. Louis Public Radio (updated May 10, 2022, 4:00 pm CDT).[1] On Thursday, May 12, 2022, the Missouri Senate passed HB 2117 and adjourned. Jason Rosenbaum, Rachel Lippmann, *Missouri Senate passes 6-2 Republican majority map, ending melodrama,* St. Louis Public Radio (May 12, 2022, 10:58 pm CDT).[2] The history of HB 2117 passing through the legislature is available online on the Missouri House's official website. Missouri House of Representatives, HB 2117 (last visited May 17, 2022).[3] Governor Parson expressed that he was encouraged with the map's passage and that he "will be prepared to take action soon after the bill is sent to my desk. 3/3." Mike Parson, @govparsonMO, Twitter (May 13, 2022 at 2:43 PM EDT).[4] These changed circumstances—the repeal of the 2011 map and enactment of the 2022 map—resolve any challenges to the 2011 map.

---

[1] https://news.stlpublicradio.org/government-politics-issues/2022-05-09/missouri-house-passes-new-version-of-a-congressional-redistricting-map.
[2] https://news.stlpublicradio.org/government-politics-issues/2022-05-12/missouri-senate-passes-6-2-republican-majority-congressional-map-ending-melodrama.
[3] https://www.house.mo.gov/Bill.aspx?bill=HB2117&Year=2022&code=R.
[4] https://twitter.com/GovParsonMO/status/1525200081380446208.

The gravamen of all three complaints is that: (1) in the last decade, Missouri's population has shifted significantly, (2) Missouri's existing congressional district configurations are unconstitutionally malapportioned, (3) the General Assembly and Governor have failed to enact a new congressional plan, and (4) the court must adopt a new map before the 2022 election. Docs. 1 at ¶¶ 7, 23, 42; 19-1 at ¶¶ 26, 32, 47; 26-1 at ¶¶ 12, 16, 19, 28. The *Pereles* complaint's two counts allege that the 2011 map violates the Missouri and U.S. Constitution's one-person, one vote principle. Doc. 19-1 at ¶¶ 51-59. The *Thomas* complaint's first two counts mirror the *Pereles* complaint. Doc. 26-1 at ¶¶ 35-43. Count III merely requests that should a court remedy the alleged violations by drawing a map, that map can only comply with Section 2 of the Voting Rights Act by having only one majority-minority district. *Id.* at ¶ 52.

Berry's complaint similarly alleges violations of one person, one vote under the federal and Missouri constitutions, Doc. 1 at ¶¶ 64-98 (Counts I-III). The remaining Counts V & VI, *see* Doc. 37, request declaratory relief to preempt state actors from delaying the primary "due to the failure of the Missouri General Assembly to enact a 2022 Missouri congressional map," Doc. 1 at ¶ 117; and a declaration that Defendant Ashcroft cannot violate Missouri statutes—without any facts showing that this is an imminent possibility, Doc. 1 at ¶¶ 118-124. Count VI further "incorporates by reference all preceding allegations and facts," Doc. 1 at ¶ 118, and thus the relief he seeks is bound up in the fear that Missouri will use the 2011 map and permit more candidates to enter the race at this late hour.

As noted above, Eighth Circuit precedent shows that when the challenged law is repealed, plaintiffs' actions are moot. *Phelps–Roper*, 697 F.3d at 687 (challenges to two former ordinances moot when new versions enacted); *Moore*, 928 F.3d at 757 (repealing and replacing ballot law to address infirmities moots case); *Teague*, 720 F.3d 973, 976 (school choice law repealed and

replaced moots case). Further, because the districts in the newly adopted map are numerically equal to within one person, the new legislation gives plaintiffs all the relief requested from the court. *Libertarian Party of Arkansas*, 876 F.3d at 951; *Teague*, 720 F.3d at 977 (moot in part because "2013 Act affords their children the full prospective relief they seek in the lawsuit."). As a result, the new map cannot injure them in the same way alleged for the last map.

## CONCLUSION

Defendants respectfully request that the Court dismiss all complaints without prejudice as moot.

Dated: May 17, 2022                                   Respectfully submitted,

**ERIC S. SCHMITT**
**MISSOURI ATTORNEY GENERAL**

*/s/ Jeff P. Johson*
Jeff P. Johnson, DC 102291
  Deputy Solicitor General
D. John Sauer, MO 58721
  Solicitor General
Supreme Court Building
207 W. High Street
P.O. Box 899
Jefferson City, MO 65102
(573) 751-8870 (Telephone)
(573) 751-0774 (Facsimile)
john.sauer@ago.mo.gov
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on May 17, 2022, the foregoing was filed electronically through the Court's CM/ECF system, to be served electronically upon all parties to the case.

*/s/ Jeff P. Johnson*