IN THE UNITED STATES DISTRICT COURT

EASTERN MISSOURI

EASTERN DIVISION

PAUL BERRY III,

Plaintiff,

Case Number: No.4:22-CV-465-JAR

v.

JOHN R. (JAY) ASHCROFT,
in his official capacity as
Missouri Secretary of State and
STATE OF MISSOURI,

**Three-Judge Panel Requested**
28 U.S.C. § 2284(a)

Defendants.

**FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiff, Paul Berry III, and upon knowledge with respect to information, submits this First Amended Complaint for Declaratory and Injunctive Relief for the Court's immediate consideration, states as follows:

**INTRODUCTION**

The underlying complaint seeks this Honorable Court to answer the following question regarding the constitutionality of the 2022 Missouri Congressional Map. May the State of Missouri establish the boundaries for Missouri Congressional District One based upon a voter's

race by purposely "packing" African American voters within the boundaries of Missouri Congressional District One?

Plaintiff Berry contends that Missouri's use of a voter's race when drafting any congressional map is a violation of the Equal Protection Clause of the United States Constitution, unless such use of a voter's race is utilized to establish a "majority-minority" congressional district. Plaintiff Berry charges Missouri's use of a voter's race when drafting congressional boundaries involving African Americans who have moved outside of the Missouri Congressional provided by 2012 Missouri Congressional are memorialized by an audio recording of a Missouri Senator during a public radio interview.

Based upon the facts and circumstances provided by the underlying complaint, the former or current Missouri Congressional District One boundaries do not establish and are ineligible to be set as a "majority-minority" congressional district.

## FACTUAL ALLEGATIONS

1. Plaintiff Paul Berry III is a 2022 Missouri congressional candidate and an African American registered voter who resides in the former boundaries of Missouri Congressional District 2.

2. Defendant John R. (Jay) Ashcroft is the Missouri Secretary of State, the state's chief elections official, who is responsible in his official capacity for implementation of all laws related to congressional elections.

3. Defendant State of Missouri is responsible for enforcement of all state laws and the

Constitution of the State of Missouri, and are required to abide by the Equal Protection Clause of the United States Constitution.

4. On May 5, 2022, the Missouri House Committee on Redistricting passed HCB HB 2909 to the Missouri House of Representatives for consideration[1].

5. On May 9, 2022, the Missouri House of Representatives amended HCB HB 2909 to alter the congressional district boundaries of Missouri Congressional District 1 and 2 in Maryland Heights[2], and under reasonable belief, Plaintiff Berry contends that Defendants amended HCB HB 2909 to racially-gerrymander more territory within Maryland Heights into Missouri Congressional District 1.

6. On May 9, 2022, the Missouri House voted to pass HCB HB 2909 (amended) with an emergency clause[3], which was subsequently sent to the Missouri Senate for consideration.

7. On May 12, 2022, the Missouri Senate voted to pass HCB HB 2909 (amended) with an emergency clause[4], which was subsequently signed by the Missouri Pro Tem on May 18, 2022.

8. On May 18, 2022, Missouri Governor Michael L. Parson signed HCB HB 2909

---

[1] https://news.stlpublicradio.org/government-politics-issues/2022-05-05/lawmakers-make-one-last-stab-at-redrawing-missouris-congressional-map

[2] See St. Louis Area map on footnote 1 link (HCB HB 2909), in comparison to, St. Louis Area map on footnote 3 link (HCB HB 2909 amended).

[3] https://news.stlpublicradio.org/government-politics-issues/2022-05-09/missouri-house-passes-new-version-of-a-congressional-redistricting-map

[4] https://news.stlpublicradio.org/government-politics-issues/2022-05-12/missouri-senate-passes-6-2-republican-majority-congressional-map-ending-melodrama

3

(amended)[5], which immediately enacted a new Missouri congressional district map ("2022 Missouri Congressional Map"), to which, Defendants intend to utilize the 2022 Missouri Congressional Map to conduct the 2022 Missouri Primary congressional election

9. On May 26, 2022, Missouri State Senator and 2022 Missouri congressional candidate Steven Roberts publicly-stated[6], inter alia, that the boundaries of Missouri Congressional District 1 and Missouri Congressional District 2 provided by the 2022 Missouri Congressional Map were drafted by the Missouri General Assembly based upon the race of voters, which implicates Defendants "packed" African American voters who resided in the Missouri Congressional District 2 boundaries pursuant to the 2012 Missouri Congressional Map within Missouri Congressional District 1 when drafting the 2022 Missouri Congressional Map boundaries.

10. In order for Defendants to utilize race information to establish the boundaries for any congressional district as a "majority-minority" congressional district, Defendants are required to abide by the decision of the United States Supreme Court in *Thornburg v. Gingles*, which requires the Court to determine (1) whether "the minority group . . . is sufficiently large and geographically compact to constitute a majority in a single-member district;" (2) whether "the minority group . . . is politically cohesive," i.e., tends to vote as a bloc; and (3) whether "the majority votes sufficiently as a bloc to enable it - in the absence of special circumstances . . . usually to defeat the minority's preferred candidate."

---

[5] https://www.kansascity.com/news/politics-government/article261575487.html

[6] See at 00:02:50-00:09:05
https://www.audacy.com/podcasts/the-marc-cox-morning-show-20668/im-there-for-the-community-my-democrat-community-1434637585

4

11. A "majority-minority" congressional district is defined as a congressional district with the minority voting age population exceeding fifty percent (50%) plus one voter.

12. At the time of original enactment until this date, Missouri Congressional District boundaries established by the 2012 or 2022 Missouri Congressional Map does not maintain an African American voting age population that exceeds fifty percent (50%), and as such, Missouri Congressional District 1 does not qualify as a "majority-minority" congressional district.

13. The 2022 Missouri Congressional Map fails to meet the "sufficiently large . . . to constitute a majority in a single-member district" factor of *Thornburg v. Gingles* to establish Missouri Congressional District 1 as a "majority-minority" congressional district.

14. Because neither the 2012 or 2022 version of the Missouri Congressional Map does not establish Missouri Congressional District 1 as a "majority-minority" congressional district, Defendant's use of race to establish Missouri Congressional District 1 and Missouri Congressional District 2 of the 2022 Missouri Congressional Map violates the Equal Protection Clause of the United States Constitution.

15. In order to establish Missouri Congressional District 1 as a "majority-minority" congressional district, Defendants are required to establish that the majority voter bloc comprising of the same congressional district sufficiently votes together to defeat the congressional candidate or other political candidate normally chosen by the African American minority voter pool.

16. Missouri Congressional District 1 has been represented by United States Congress

Representatives William ("Bill") Clay, William ("Lacy") Clay Jr. and Cori Bush, who are each African American, for over 54 years since 1968.

17. The boundaries of Missouri Congressional District 1 provided by the 2012 and 2022 versions of the Missouri Congressional Map are limited to the Missouri county jurisdictions of the City of St. Louis and St. Louis County.

18. Despite the African American voter age population of the City of St. Louis or St. Louis County calculating as substantially less than a fifty percent (50%) plus one voter of such Missouri county jurisdiction, African American politicians within the City of St. Louis and St. Louis County have consistently won county-wide elections, specifically, the following forty-three (43) county-wide elections:

    a. Tishaura Jones: City of St. Louis 2021 Mayoral General election;

    b. Tishaura Jones: City of St. Louis 2021 Mayoral Primary election;

    c. Darlene Green: City of St. Louis 2021 Comptroller General election;

    d. Darlene Green: City of St. Louis 2021 Comptroller Primary election;

    e. Kimberly Garner: City of St. Louis 2020 Circuit Attorney General election;

    f. Kimberly Garner: City of St. Louis 2020 Circuit Attorney Primary election;

    g. Vernon Betts: City of St. Louis 2020 Sheriff General election;

    h. Vernon Betts: City of St. Louis 2020 Sheriff Primary election;

    i. Tishaura Jones: City of St. Louis 2020 Treasurer General election;

    j. Tishaura Jones: City of St. Louis 2020 Treasurer Primary election;

k. Paul Berry III: St. Louis County 2020 County Executive Primary election;

l. Lewis Reed: City of St. Louis 2019 Aldermanic Board President General election;

m. Lewis Reed: City of St. Louis 2019 Aldermanic Board President Primary election;

n. Michael Butler: City of St. Louis 2018 Recorder of Deeds General election;

o. Michael Butler: City of St. Louis 2018 Recorder of Deeds Primary election;

p. Mavis Thompson: City of St. Louis 2018 License Collector General election;

q. Mavis Thompson: City of St. Louis 2018 License Collector Primary election;

r. Wesley Bell: St. Louis County 2018 Prosecuting Attorney General election;

s. Paul Berry III: St. Louis County 2018 St. Louis County Executive Primary election;

t. Wesley Bell: St. Louis County 2018 Prosecuting Attorney Primary election;

u. Andrew Jones: City of St. Louis 2017 Mayoral Primary election;

v. Darlene Green: City of St. Louis 2017 Comptroller General election;

w. Darlene Green: City of St. Louis 2017 Comptroller Primary election;

x. Kimberly Garner: City of St. Louis 2016 Circuit Attorney General election;

y. Kimberly Garner: City of St. Louis 2016 Circuit Attorney Primary election;

z. Tishaura Jones: City of St. Louis 2016 Treasurer General election;

aa. Tishaura Jones: City of St. Louis 2016 Treasurer Primary election;

bb. Vernon Betts: City of St. Louis 2016 Sheriff General election;

cc. Vernon Betts: City of St. Louis 2016 Sheriff Primary election;

dd. Lewis Reed: City of St. Louis 2015 Aldermanic Board President General election;

ee. Lewis Reed: City of St. Louis 2015 Aldermanic Board President Primary election;

ff. Mavis Thompson: City of St. Louis 2014 License Collector General election;

gg. Mavis Thompson: City of St. Louis 2014 License Collector Primary election;

hh. Darlene Green: City of St. Louis 2013 Comptroller General election;

ii. Darlene Green: City of St. Louis 2013 Comptroller Primary election;

jj. Tishaura Jones: City of St. Louis 2012 Treasurer General election;

kk. Tishaura Jones: City of St. Louis 2012 Treasurer Primary election;

ll. Lewis Reed: City of St. Louis 2011 Aldermanic Board President General election;

mm. Lewis Reed: City of St. Louis 2011 Aldermanic Board President Primary election;

nn. Mavis Thompson: City of St. Louis 2010 License Collector General election;

oo. Mavis Thompson: City of St. Louis 2010 License Collector Primary election;

pp. Charlie Dooley: St. Louis County 2010 St. Louis County Executive General Election; and

qq. Charlie Dooley: St. Louis County 2010 St. Louis County Executive Primary Election;

19. Over the last twelve (12) years since the 2010 United States Census, African American politicians within the City of St. Louis and St. Louis County have consistently won a plethora of elected offices for Missouri Senate, Missouri House of Representatives, City of St Louis Board

of Alderman, St. Louis County County Council, municipal mayors of St. Louis County, municipal council members of St. Louis County, the St. Louis Public School District School Board, St. Louis Community College Board and various public school boards of St. Louis County.

20. Currently, the voter age population within the boundaries of the 2012 and 2022 Missouri Congressional Maps are almost exclusively represented by Missouri Senators who are African American.

21. Defendants are unable to provide any evidence to this Honorable Court that (a) African Americans residing in the former or current boundaries of Missouri Congressional District 1 are unable to elect the elected representative of their individual or collective wish or (b) African American politicians are unable to win elections based upon their race, and as such, the 2022 Missouri Congressional Map fails to meet the "the majority votes sufficiently as a bloc to enable it - in the absence of special circumstances . . . usually to defeat the minority's preferred candidate" factor of *Thornburg v. Gingles* to establish Missouri Congressional District 1 as a "majority-minority" congressional district, and as such, Defendants utilizing the race of African American voters residing in the City of Bridgeton and the City of Maryland Heights as a factor to incorporate such African American voters violates the Equal Protection Clause of the United States Constitution.

22. The remedy Plaintiff Berry requests from this Honorable Court is restricted to limited adjustments by the Court to the 2022 Missouri Congressional Map to cure Missouri's

9

constitutional violations, which does not require any deviation from the 2022 Missouri Congressional Map outside of St. Louis County, thus the requested relief does not affect any Missouri local election authorities excluding St. Louis County.

23. St. Louis County has the ability to implement changes to the 2022 Missouri Congressional Map in a temporal period of four (4) hours, such as any changes ordered by the Court to the 2022 Missouri Congressional Map to cure Defendants' violation of the Equal Protection Clause.

24. Plaintiff Berry seeks expedited resolution to the underlying complaint by this Honorable Court ordering a Missouri congressional map that places Plaintiff Berry and any African American resident (and as a practicality, their non-African American neighbors) of the Cities of Bridgeton and Maryland Heights back within Missouri Congressional District 2.

## COUNT I

## MISSOURI RACIALLY GERRYMANDERING AFRICAN AMERICAN VOTERS WHO RESIDE IN THE CITY OF BRIDGETON OR THE CITY OF MARYLAND HEIGHTS VIOLATES THE EQUAL PROTECTION CLAUSE OF THE UNITED STATES CONSTITUTION

25. Plaintiff Berry incorporates by reference all preceding allegations and facts.

26. Defendants, by proxy of Missouri Senator Steven Roberts, admit that African American residents of the City of Bridgeton and the City of Maryland Heights were gerrymandered based upon their race into the boundaries Missouri Congressional District 1 established by the 2022 Missouri Congressional Map.

27. Missouri Congressional District 1 established by the 2022 Missouri Congressional Map

does not qualify for racial gerrymandering as a "majority-minority" congressional district.

28. Because Missouri Congressional District 1 established by the 2022 Missouri Congressional Map does not qualify for racial gerrymandering as a "majority-minority" congressional district, Defendants "racially-gerrymandering" African American residents of the City of Bridgeton and the City of Maryland Heights into Missouri Congressional District 1 established by the 2022 Missouri Congressional Map is a violation of the Equal Protection Clause of the United States Constitution.

29. The remedy requested by Plaintiff Berry from the Court is limited to modifying congressional district boundaries established within St. Louis County and excludes any remedy directly affecting other Missouri counties incorporated within Missouri Congressional District 1 and Congressional District 2 established by the 2022 Missouri Congressional Map, specifically, the City of St. Louis, Franklin County, St. Charles County or Warren County.

30. St. Louis County Board of Elections has the ability to update voter rolls from Missouri congressional district boundary changes in less than one (1) day and are available to update voter rolls from Missouri congressional district boundary changes on a weekend day.

31. Plaintiff Berry seeks relief by the underlying complaint pursuant to 28 U.S.C. § 2284 and 42 U.S.C. § 1983, and the Court is able to order a congressional map, such as the congressional map provided by paragraph 4 of the instant complaint, to cure Defendants' drafting the 2022 Missouri Congressional Map in violation of Section 2 of the Voter Rights Act and the Equal Protection Clause of the United States Constitution.

WHEREFORE Plaintiff Berry prays this Court:

A. Continue the Court's order to empanel a "three-judge" court to adjudicate the underlying complaint.

B. Enter an order declaring Missouri Congressional District 1 and Missouri Congressional District 2 of the 2022 Missouri Primary congressional election violates Section 2 of the Voter Rights Act the Equal Protection Clause of the United States Constitution.

C. Enter an order of preliminary and permanent injunction against Defendants John R. ("Jay") Ashcroft and the State of Missouri from utilizing the 2022 Missouri Congressional Map to conduct the 2022 Missouri Primary congressional election, limited to any part of a congressional district that resides in St. Louis County.

D. Enter an order to modify the 2022 Missouri Congressional Map by removing African American voters who reside in the City of Maryland Heights from Missouri Congressional District 1 into Missouri Congressional District 2.

E. Order any further relief as is proper under the circumstances or deemed proper by the Court.

Respectfully Submitted,

Paul Berry III
Plaintiff
11932 Barbara
Maryland Heights, MO 63043
314-755-9252
PBIIIUSA@gmail.com

## CERTIFICATE OF SERVICE

I certify that, on the date set forth below, the foregoing **FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** was filed electronically and that it is available for viewing and downloading on the Court's CM/ECF system by the parties.

Paul Berry III
Plaintiff
11932 Barbara
Maryland Heights, MO 63043
314-755-9252
PBIIIUSA@gmail.com

## CERTIFICATE OF SERVICE

I certify that, on the date set forth below, the foregoing **FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** was filed electronically and that it is available for viewing and downloading on the Court's CM/ECF system by the parties.

Paul Berry III
Plaintiff
11932 Barbara
Maryland Heights, MO 63043
314-755-9252
PBIIIUSA@gmail.com