UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| PAUL BERRY III, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 4:22-cv-00465-JAR-JLK-AGF |
| v. | ) |
| | ) |
| JOHN R. ASHCROFT, et al., | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' REPLY IN SUPPORT OF**
**MOTION TO DISMISS ALL COMPLAINTS AS MOOT**

Defendants advise the Court that the time has expired for Plaintiff and Plaintiffs-Intervenors to oppose their Defendants' motion to dismiss the complaints, Docs. 1, 19-1, 26-1, as moot. E.D. Mo. Local Rule 4.01(B) ("[E]ach party opposing a motion (other than a motion seeking an extension of time) must file, within fourteen (14) days after service of the motion."). The motion to dismiss was filed on May 17, 2022, and fourteen days expired on May 31, 2022. *See* Doc. 40. The *Pereles* Intervenors' response to the motion notes that they do not oppose the motion to dismiss all complaints as moot. Doc. 43. The *Thomas* Intervenors have not responded to the motion. A failure to respond to a motion to dismiss should be construed as abandoning Plaintiffs' claims and warrants dismissal. *Ursery v. Fed. Drug Enf't Admin.*, No. 4:12CV1911 HEA, 2014 WL 117627, at *2 (E.D. Mo. Jan. 13, 2014) ("The Court construes [the] failure [to respond] as an abandonment of Plaintiff's claims."); *see Demien Const. Co. v. O'Fallon Fire Prot. Dist.*, 812 F.3d 654, 657 (8th Cir. 2016) (failing to argue claims survive motion to dismiss constitutes abandonment). Thus, both Plaintiffs-Intervenors' complaints should be dismissed.

1

Plaintiff Berry also did not oppose the motion to dismiss his challenge to the previous congressional map and instead filed a motion for leave to file an amended complaint.[1]  Doc. 44.  That new complaint only challenges the newly enacted 2022 congressional map.  Doc. 45 (Berry's "complaint seeks this Honorable Court to answer the following question regarding the constitutionality of the 2022 Missouri Congressional Map[:] May the State of Missouri establish the boundaries for Missouri Congressional District One based upon a voter's race by purposely 'packing' African American voters within the boundaries of Missouri Congressional District One?").  Plaintiff Berry has abandoned all claims that the previous congressional map was unlawful.  *Witte v. Culton*, No. 4:11CV02036 ERW, 2012 WL 5258789, at *2 (E.D. Mo. Oct. 24, 2012) ("[C]laims that were not re-alleged were abandoned."); *In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect.").  This renders moot his Motion to Reconsider the Court's denial of the Temporary Restraining Order, Doc. 39, based on the original complaint.

A single judge may grant motions to dismiss and all other "orders permitted by the rules of civil procedure" that are not reserved to the three-judge panel.  28 U.S.C. § 2284(b)(3).  Moreover, a single judge may dismiss complaints that fail for subject matter jurisdiction or justiciability reasons.  *Shapiro v. McManus*, 577 U.S. 39, 44–45 (2015) (When "even a single-judge district court lacks jurisdiction, and '[a] three-judge court is not required where the district court itself lacks jurisdiction of the complaint or the complaint is not justiciable in the federal

---

[1] Defendants note that Plaintiff Berry appears to have filed his Amended Complaint within the time to amend as of right under Rule 15(a)(1).  Defendants will respond as provided under the Federal Rules of Civil Procedure and expressly reserve all rights and defenses to this entirely new complaint.

courts.'") (quoting *Gonzalez v. Automatic Employees Credit Union*, 419 U.S. 90, 100 (1974)). For the reasons stated here, the Court should do so as well.

## CONCLUSION

The Court should dismiss Plaintiffs-Intervenors' complaints without prejudice, Docs. 19-1 & 26-1, dismiss them as parties, dismiss Plaintiff Berry's original complaint, Doc. 1, and deny Plaintiff Berry's Motion to Reconsider, Doc. 39.

Dated: June 2, 2022

Respectfully submitted,

**ERIC S. SCHMITT**
**MISSOURI ATTORNEY GENERAL**

*/s/ Jeff P. Johnson*
Jeff P. Johnson, DC 102291
 Deputy Solicitor General
D. John Sauer, MO 58721
 Solicitor General
Supreme Court Building
207 W. High Street
P.O. Box 899
Jefferson City, MO 65102
(314) 340-7366 (Telephone)
(573) 751-0774 (Facsimile)
Jeff.johnson@ago.mo.gov
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on June 2, 2022, the foregoing was filed electronically through the Court's CM/ECF system, to be served electronically upon all parties to the case.

*/s/ Jeff P. Johnson*