**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| PAUL BERRY III, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| and ) | |
| ) | |
| JOSEPH PERELES, et al., ) | |
| ) | |
| Plaintiff Intervenors, ) | |
| ) | |
| v. ) | Case No. 4:22-CV-00465-JAR |
| ) | |
| JOHN R. ASHCROFT, in his capacity as ) | |
| Missouri Secretary of State, and ) | |
| STATE OF MISSOURI, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

Before KELLY, Circuit Judge, ROSS, District Judge, and FLEISSIG, District Judge.

This matter is before the Court on Missouri Secretary of State John R. Ashcroft and the State of Missouri's Motion to Dismiss All Complaints as Moot Under Rule 12(b)(1). (Doc. 40). For the reasons discussed below, the motion will be granted in part.

**I.    BACKGROUND**

On April 22, 2022, Plaintiff Paul Berry III ("Berry") filed a complaint (Doc. 1) and motion for temporary restraining order (Doc. 2) based on the Missouri legislature's failure to adopt a new congressional district map consistent with the 2020 United States Census. Plaintiff also requested empanelment of a three-judge court pursuant to 28 U.S.C. § 2284. (Doc. 13). Presiding as a single district court judge, Judge John Ross of the Eastern District of Missouri held a hearing on May 9, 2022. (Doc. 23). Judge Ross denied Plaintiff's motion for temporary

restraining order primarily on the grounds that the Missouri legislature still had time to adopt a new map. (Doc. 25). Judge Ross granted Plaintiff's request to convene a three-judge court with Defendants' consent. (*Id.* at 5-6). The Chief Judge for the Eighth Circuit Court of Appeals proceeded to empanel this three-judge Court consistent with the requirements of 28 U.S.C. § 2284. (Doc. 41).

On May 12, 2022, one day before the end of the legislative session, the Missouri Senate adopted a new congressional district map. Governor Michael Parson approved the map on May 18, 2022. In the interim, this Court granted two motions to intervene by parties who then had active, related cases in Missouri state court. (Doc. 38).[1] On May 17, 2022, in expectation of Governor Parson's approval of the revised map, Defendants filed this Motion to Dismiss All Complaints as Moot Under Rule 12(b)(1). (Doc. 40). Defendants contend that the complaints filed by Berry (Doc. 1) and the Plaintiff Intervenors (Docs. 19-1, 26-1) are moot because they challenge Missouri's use of a map based on the 2010 United States Census for its 2022 elections, while Governor Parson has approved a revised map. The First Intervenors "submit[ted] their non-opposition" to Defendants' motion (Doc. 43), while the Second Intervenors did not file any response by the applicable deadline. Berry, proceeding pro se, has filed a Motion for Leave to File First Amended Complaint for Declaratory and Injunctive Relief (Doc. 44), which this Court construes as his response to the motion to dismiss. In his proposed First Amended Complaint, Berry alleges that the Missouri legislature's new map racially gerrymanders the 1st Congressional District in violation of the Fourteenth Amendment's Equal Protection Clause. (Doc. 45).

---

[1] Consistent with the prior Order (Doc. 38 at 1), the Court will refer to Plaintiff Intervenors Joseph Pereles, Matthew Bax, Ike Graham, Robert Saunders, and Rachel Howard as the "First Intervenors" and Plaintiff Intervenors Patricia Thomas, Derrick Good, and Curtis Jared as the "Second Intervenors" (collectively, the "Plaintiff Intervenors").

## II. ANALYSIS

Plaintiff Intervenors' Complaints

The Constitution limits the judicial power of the United States to "Cases" and "Controversies." U.S. CONST. art. III, § 2. The doctrine of standing is "rooted in the traditional understanding of a case or controversy." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). "No principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies." *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 341 (2006) (internal quotation omitted).

Standing and mootness are related but not interchangeable. "Mootness is akin to the doctrine of standing because the requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." *Phelps-Rogers v. City of Manchester, Mo.*, 697 F.3d 678, 687 (8th Cir. 2012) (internal quotation omitted). "The doctrines of standing and mootness, properly applied, ensure that federal courts will decide only concrete disputes and will refrain from publishing advisory opinions or judicial essays on issues of the day." *Hawse v. Page*, 7 F.4th 685, 694 (8th Cir. 2021). Both standing and mootness are jurisdictional issues. *Arizonans for Off. Eng. v. Ariz.*, 520 U.S. 43, 66-67 (1997); *see also Sisney v. Kaemingk*, 15 F.4th 1181, 1194 (8th Cir. 2021).

Plaintiff Intervenors' complaints (Docs. 19-1, 26-1) are substantially similar and operate under the assumption that the Missouri legislature would fail to adopt a new congressional district map based on the results of the 2020 United States Census. That concern is now moot because Governor Parson has signed off on the revised map. The Court takes notice that the Plaintiff Intervenors have voluntarily dismissed their related state court actions. *See Howard v. Ashcroft*, No. 22AC-CC00114 (Mo. Cole Cty. 2022); *Thomas v. Missouri*, No. 22AC-CC00222

(Mo. Cole Cty. 2022). The First Intervenors have indicated that they do not oppose Defendants' motion to dismiss (Doc. 43) while the Second Intervenors did not file any timely response. In these circumstances, the Court will grant Defendants' motion to dismiss in part and dismiss the Plaintiffs Intervenors' complaints as moot.

Berry's First Amended Complaint

Berry's initial complaint also presumed that Missouri would attempt to utilize the allegedly malapportioned congressional district maps in its 2022 elections. In lieu of a specific response to Defendants' motion to dismiss, Berry has submitted a Motion for Leave to File First Amended Complaint for Declaratory and Injunctive Relief, which this Court construes as his response. (Doc. 44). The one-count proposed First Amended Complaint accuses Defendants of "racially-gerrymandering African[-]American residents of the City of Bridgeton and the City of Maryland Heights into Missouri Congressional District 1." (Doc. 45 at ¶ 28) (internal quotation omitted).

It appears that Berry seeks the Court's leave to amend his complaint under Fed. R. Civ. P. 15(a)(2), which states that courts "should freely give leave when justice so requires." As Defendants note in their reply, however, Berry may amend his complaint as of right pursuant to Fed. R. Civ. P. 15(a)(1). (Doc. 47 at 2 n.1). Consistent with the rule's requirements, Berry filed his First Amended Complaint within 21 days of service of Defendants' Rule 12(b)(1) motion. In deference to Berry's pro se status, the Court will construe Berry's First Amended Complaint as being filed as of right under Rule 15(a)(1). Accordingly, the First Amended Complaint (Doc. 45) is Berry's operative complaint in this case, and the Court will deny Berry's Motion for Leave to File First Amended Complaint for Declaratory and Injunctive Relief (Doc. 44) as moot because the Court's leave is not required.

Berry's First Amended Complaint renders all claims stemming from his original complaint (Doc. 1) without legal effect. *See Schlafly v. Eagle F.*, 970 F.3d 924, 933 (8th Cir. 2020) (citation omitted) ("Generally, an amended complaint supercedes an original complaint and renders the original complaint without legal effect."). Berry has multiple pending motions relating to issues raised in his original complaint, including motions to voluntarily dismiss a particular count (Doc. 37) and reconsider the denial of his motion for temporary restraining order. (Doc. 39). Because the original complaint has been completely replaced, the Court will deny these motions as moot and continue this litigation with the First Amended Complaint (Doc. 45) serving as the operative complaint.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss All Complaints as Moot Under Rule 12(b)(1) (Doc. 40) is **GRANTED in part**, and the Plaintiff Intervenors' complaints (Docs. 19-1, 26-1) are **DISMISSED as moot** under Fed. R. Civ. P. 12(b)(1).

**IT IS FURTHER ORDERED** that Plaintiff Paul Berry III's Motion to Shorten Time and Expedited Setting (Doc. 14), First Amended Motion to Shorten Time and Expedited Setting (Doc. 17), Motion to Dismiss Count IV (Doc. 37), Motion to Reconsider Verified Motion for Temporary Restraining Order (Doc. 39), and Motion for Leave to File First Amended Complaint for Declaratory and Injunctive Relief (Doc. 44) are **DENIED as moot**.

**IT IS FINALLY ORDERED** that Plaintiff Paul Berry III's First Amended Complaint for Declaratory and Injunctive Relief (Doc. 45) shall serve as the operative complaint.

Dated this 9th day of June, 2022.

*signature*
JANE KELLY
CIRCUIT JUDGE, EIGHTH CIRCUIT

*signature*
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

*signature*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE