UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| PAUL BERRY III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:22-CV-00465 |
| | ) | |
| JOHN R. ASHCROFT, in his capacity as | ) | |
| Missouri Secretary of State, and | ) | |
| STATE OF MISSOURI, | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM AND ORDER

Before KELLY, Circuit Judge, ROSS, District Judge, and FLEISSIG, District Judge.

This matter is before the Court on Defendants Missouri Secretary of State John R. Ashcroft and the State of Missouri's Motion to Dismiss the First Amended Complaint. (Doc. 49). For the reasons discussed below, the motion will be granted.

**I.   BACKGROUND**

This Court has previously summarized the relevant factual and procedural background:

On April 22, 2022, Plaintiff Paul Berry III ("Berry") filed a complaint and motion for temporary restraining order based on the Missouri legislature's failure to adopt a new congressional district map consistent with the 2020 United States Census. Plaintiff also requested empanelment of a three-judge court pursuant to 28 U.S.C. § 2284. Presiding as a single district court judge, Judge John Ross of the Eastern District of Missouri held a hearing on May 9, 2022. Judge Ross denied Plaintiff's motion for temporary restraining order primarily on the grounds that the Missouri legislature still had time to adopt a new map. Judge Ross granted Plaintiff's request to convene a three-judge court with Defendants' consent. The Chief Judge for the Eighth Circuit Court of Appeals proceeded to empanel this three-judge Court consistent with the requirements of 28 U.S.C. § 2284.

On May 12, 2022, one day before the end of the legislative session, the Missouri Senate adopted a new congressional district map. Governor Michael Parson approved the map on May 18, 2022. (Doc. 48 at 1-2) (citations omitted).

Defendants previously filed a Motion to Dismiss All Complaints as Moot Under Rule 12(b)(1) based on Governor Parson's approval of the new map. (Doc. 40). Plaintiff-Intervenors either failed to respond or indicated their non-opposition to the motion. (Doc. 43). Berry, proceeding pro se, responded by filing a First Amended Complaint ("FAC") alleging that the new map racially gerrymanders Missouri's 1st Congressional District in violation of the Fourteenth Amendment's Equal Protection Clause and the Voting Rights Act. (Doc. 45). This Court granted Defendants' motion in part, dismissed the Plaintiff-Intervenors' complaints as moot, and docketed the FAC as the operative complaint. (Doc. 48 at 5).

On June 10, 2022, Defendants filed the instant Motion to Dismiss the First Amended Complaint. (Doc. 49). Defendants seek dismissal under both Fed. R. Civ. P. 12(b)(1) and 12(b)(6) on the grounds that (i) the FAC fails to plead factual allegations supporting a plausible claim of unconstitutional racial gerrymandering; (ii) Berry lacks standing to proceed; and (iii) the Court should apply the "*Purcell* principle" and decline to disrupt Missouri's upcoming elections at this late juncture. (Doc. 49-1). After Berry failed to file a timely response, this Court ordered him to show cause no later than July 5, 2022 why the Court should not rule on Defendants' unopposed motion. (Doc. 50). That deadline also passed without any response by Berry, who has not participated in this case since May 27, 2022. Having provided Berry ample time to respond, the Court will rule on Defendants' unopposed motion.

## II.     ANALYSIS

Berry's FAC requests that this Court enter a preliminary and permanent injunction prohibiting the State of Missouri from using the recently approved map in the 2022 congressional primaries. Berry specifically asks the Court to "modify the 2022 Missouri Congressional Map by removing African[-]American voters who reside in the City of Maryland

- 2 -

Heights from Missouri Congressional District 1 into Missouri Congressional District 2." (Doc. 45 at 12). It appears to the Court that Berry solely seeks injunctive relief in advance of Missouri's 2022 congressional elections.

The Missouri legislature adopted a numerically equal congressional district map after extensive deliberations. As Defendants note, removing certain voters from one district and adding them to another would jeopardize proportionality and risk violating the principle of one person, one vote. (Doc. 49-1 at 2). The Court also acknowledges that Plaintiff's allegations of racial gerrymandering appear to rest primarily on an interview with one state senator after adoption of the new map. *See United States v. O'Brien*, 391 U.S. 367, 384 (1968) ("What motivates one legislator to make a speech about a statute is not necessarily what motivates scores of others to enact it, and the stakes are sufficiently high for us to eschew guesswork."). The Court need not delve further into the other substantive issues with Berry's legal arguments. Instead, the Court will dismiss the FAC without prejudice to avoid causing substantial disruption and confusion on the eve of Missouri's elections.

Missouri's primary elections are scheduled for August 2, 2022, less than four weeks away, and the voter registration deadline has already passed. MISSOURI SECRETARY OF STATE, *2022 Missouri Election Calendar*, http://www.sos.mo.gov/elections/calendar/ (last visited July 8, 2022); *see also* MO. REV. STAT. § 115.121(2). Per 52 U.S.C. § 20302(a)(8)(A), Missouri must transmit requested absentee ballots to overseas military voters at least 45 days before an election for federal office unless the state obtains a hardship exemption under 52 U.S.C. § 20302(g). That deadline has also passed. Early in the litigation, Berry consistently requested expedited briefing schedules and immediate action by the Court due to fast-approaching election deadlines. (Docs. 2, 14, 17). However, Berry has not participated in this litigation since May 27, 2022.

The Supreme Court has "repeatedly emphasized that lower federal courts should ordinarily not alter the election rules on the eve of an election." *Republican Nat'l Comm. v. Democratic Nat'l Comm.*, 140 S. Ct. 1205, 1207 (2020) (per curiam) (citations omitted). In *Purcell v. Gonzalez*, the Supreme Court advised that orders impacting elections can "result in voter confusion and consequent incentive to remain away from the polls." 549 U.S. 1, 4-5 (2006). Such risk increases as the election approaches. *Id.* at 5. "The *Purcell* principle – that federal courts should usually refrain from interfering with state election laws in the lead up to an election – is well established." *Carson v. Simon*, 978 F.3d 1051, 1062 (8th Cir. 2020) (citations omitted).

This year, a three-judge court concluded that Alabama's congressional districting plan violated the Voting Rights Act and ordered redrawn maps. *Singleton v. Merrill*, No. 2:21-CV-1291-AMM, 2022 WL 265001 (N.D. Ala. Jan. 24, 2022). The Supreme Court stayed that court's preliminary injunction where primary voting by absentee ballot was set to commence in seven weeks. *Merrill v. Milligan*, 142 S. Ct. 879 (2022). Concurring separately, Justice Kavanagh suggested the *Purcell* principle may be overcome if a plaintiff establishes that "(i) the underlying merits are entirely clearcut in favor of the plaintiff; (ii) the plaintiff would suffer irreparable harm absent the injunction; (iii) the plaintiff has not unduly delayed bringing the complaint to court; and (iv) the changes in question are at least feasible before the election without significant cost, confusion, or hardship." *Id.* at 881 (Kavanagh, J., concurring); *see also Moore v. Harper*, 142 S. Ct. 1089 (2022) (denying emergency application for stay due to timing of impending primary elections in North Carolina). Multiple district courts have applied the *Purcell* principle to deny requests for injunctive relief during the 2022 election cycle. *Compare Walen v. Burgum*, No. 1:22-CV-31, 2022 WL 1688746, at *5-6 (D.N.D. May 26, 2022); *and Palmer v. Hobbs*, No.

C22-5035RSL, 2022 WL 1102196, at *2-3 (W.D. Wash. Apr. 13, 2022); *and Alpha Phi Alpha Fraternity, Inc. v. Raffensperger*, No. 1:21-CV-5337-SCJ, 2022 WL 633312, at *74-76 (N.D. Ga. Feb. 28, 2022); *with Robinson v. Ardoin*, Civ. No. 22-211-SDD-SDJ, 2022 WL 2012389, at *58-61 (M.D. La. June 6, 2022) (granting injunctive relief despite *Purcell* where candidate qualifying did not begin for six weeks and primary was over 150 days away).

Missouri's primary elections are in less than one month and multiple key deadlines have already passed. As indicated above, Berry has certainly not established that the merits are "entirely clearcut" in his favor, or in his favor at all. Berry has also unduly delayed the final resolution of this action by failing to file any response to Defendants' motion. Finally, the Court finds that making substantial changes to the 1st and 2nd Congressional Districts at this late moment is infeasible and would cause significant confusion for Missouri voters. In these unique circumstances and after careful consideration, the Court declines to grant such disruptive injunctive relief. Because Berry appears to solely seek injunctive relief in advance of the 2022 congressional primaries, the Court will grant Defendants' motion and dismiss the FAC without prejudice. This decision exclusively addresses the issue of injunctive relief in advance of the 2022 elections and does not constitute an endorsement of Missouri's new congressional district maps, which may still be subject to challenge by future litigants.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss the First Amended Complaint (Doc. 49) is **GRANTED** and Plaintiff Paul Berry III's First Amended Complaint (Doc. 45) is **DISMISSED without prejudice.** A separate Order of Dismissal will accompany this Memorandum and Order.

- 6 -

Dated this 8th day of July, 2022.

/s/ Jane Kelly
JANE KELLY
CIRCUIT JUDGE, EIGHTH CIRCUIT

/s/ John A. Ross
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

/s/ Audrey G. Fleissig
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE